UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JUANITO MARSHALL, | ) | CASE NO.: 1:24CV12 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | U.S. DISTRICT JUDGE |
| | ) | |
| | ) | MAGISTRATE JUDGE |
| WARDEN ROCHELLE MOORE, | ) | REUBEN J. SHEPHERD |
| | ) | |
| Defendant. | ) | **ORDER** |
| | ) | |

On December 16, 2024, the Magistrate Judge issued a Report and Recommendation that the Court dismiss Petitioner Juanito Marshall's habeas petition on the basis that his claims were procedurally defaulted because they were not fairly presented in state court. On January 13, 2025, Marshall timely filed objections, and on February 4, 2025, he moved to amend those objections. The motion (Doc. 21) is granted, and the Court now reviews his amended objections.

Where objections are made to a magistrate judge's R&R this Court must:

> must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

The R&R concluded that Marshall had not failed presented his constitutional claims in the state court. "A petitioner 'fairly presents' his claim to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir.1995)(citing *Franklin v. Rose*, 811 F.2d 322, 326 (6th Cir.1987)). Similarly, the Sixth Court has noted four actions a defendant can take which are significant to the determination whether a

claim has been "fairly presented": (1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). General allegations of the denial of rights to a "fair trial" and "due process" do not "fairly present" claims that specific constitutional rights were violated. *Petrucelli v. Coombe*, 735 F.2d 684, 688–89 (2d Cir.1984).

The R&R found that Marshall reliance upon a state court decision, *State v. Morris,* 24 N.E.3d 1153 (Ohio 2014), was insufficient to present a federal constitutional issue. While Marshall has argued at length why he believes that *Morris* was sufficient, this Court cannot agree. While *Morris* does cite to *Chapman v. California*, 386 U.S. 18 (1967), it does so in passing. A majority of *Morris'* analysis is focused upon Ohio law – both substantive and procedural. Accordingly, invoking *Morris* to allege that the appellate court had conducted an improper harmless error analysis was insufficient to place the state court on notice of a federal constitutional claim. Marshall's objections therefore are overruled.

The R&R is adopted in its entirety, and the petition is DISMISSED. The Court certifies, pursuant to 28 U.S.C. § 1915(A)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.

This Order is entered pursuant to Federal Rule of Civil Procedure 58.

IT IS SO ORDERED.

Date: February 11, 2025　　　　　　　　　　 /s/ John R. Adams
　　　　　　　　　　　　　　　　　　　　　 JUDGE JOHN R. ADAMS
　　　　　　　　　　　　　　　　　　　　　 UNITED STATES DISTRICT JUDGE